IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MOUNT IDA DAIRYETTE LLC                                                              PLAINTIFF

v.                                            Case No. 6:21-cv-6166

DOLGENCORP, LLC; RIGHT-A-WAY
MOVEMENT LLC; SPARTANNASH
COMPANY; WERNER ENTERPRISES,
INC.; D & O MANAGEMENT CO.; and
POWELL JOINT LIVING TRUST                                                          DEFENDANTS

# ORDER

Before the Court are two Joint Stipulations of Dismissal. ECF Nos. 41 and 42. The first stipulation of dismissal states that Plaintiff's claims against Defendants Dolgencorp, LLC, Right-A-Way Movement LLC, Werner Enterprises, Inc., D & O Management Co., and Powell Joint Living Trust are dismissed with prejudice. ECF No. 41. The second stipulation of dismissal states that claims between Plaintiff and Defendant SpartanNash Company are dismissed with prejudice. ECF No. 42. Both stipulations state that all parties will bear their own costs and fees.

An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The two stipulations before the Court have been signed by all parties that have appeared and stipulate to the dismissal of all claims brought in this matter.[1] Therefore, the Court considers the two stipulations functioning as a single stipulation signed by all partier that have appeared. "Caselaw concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984).

---

[1] Defendants Right-A-Way Movement LLC, D & O Management Co., and Powell Joint Living Trust have not appeared in this matter.

Thus, all claims were effectively dismissed when the parties filed their instant stipulations. However, this order issues for the purpose of maintaining the Court's docket.

This case is hereby **DISMISSED WITH PREJUDICE**. If any party desires that the terms of any settlement be a part of the record therein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this judgment. The Court retains jurisdiction to vacate this order upon cause shown that any such settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 14th day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge